# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cathy Szczepanski Frazier, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Carolyn W. Colvin, Acting Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 4:12-2528-RMG<br><br><br><br>**ORDER** |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on December 31, 2013, recommending that the Court reverse the decision of the Commissioner and remand the matter to the agency to comply with the requirements of the Treating Physician Rule, 20 C.F.R. § 1527(c). (Dkt. No. 22). The Commissioner then filed objections to the Report and Recommendation. (Dkt. No. 26). The Court now adopts the Report and Recommendation of the Magistrate Judge, reverses the decision of the Commissioner, and the remands the matter to the agency with instructions as set forth below.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

The Commissioner, in passing upon an application for disability benefits, is required to undertake a five-step sequential process. At Step One, the Commissioner must determine whether the applicant is engaged in substantial gainful work. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful employment, the Commissioner proceeds to Step Two, which involves a determination whether the claimant has any "severe medically

determinable physical or mental impairment." *Id.* § 404.1520(a)(4)(ii). If the claimant has one or more severe impairments, the Commissioner proceeds to Step Three, which involves a determination whether any impairment of the claimant satisfies any one of a designated list of impairments that would automatically render the claimant disabled. *Id.* § 404.1520(a)(4)(iii). Where the claimant has multiple impairments but none satisfy independently the criteria for a listed impairment, the Commissioner is obligated to consider the combined effect of the various impairments and determine whether they are the medical equivalent of the criteria of a listed impairment. 42 U.S.C. § 423(d)(2)(B); *Walker v. Bowen*, 889 F.2d 47, 49-50 (1989); 20 C.F.R. § 416.926.

If the claimant does not have a listed impairment or the medical equivalent of a listed impairment, the Commissioner must proceed to Step Four, which involves an assessment of the claimant's Residual Functional Capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4)(iv). This requires assessment of the claimant's ability "to meet the physical, mental, sensory, and other requirements of work." *Id.* § 404.1545(a)(4). In determining the claimant's RFC, the Commissioner "must first identify the individual's functional limitations or restrictions" and provide a narrative "describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8P, 61 Fed. Reg. 34474, 34475, 34478 (July 2, 1996).

Once the claimant's RFC is determined, the Commissioner must assess whether the claimant can do his past relevant work. 20 C.F.R. §§ 404.1520(4)(iv), 1545(a)(5)(i). If the claimant, notwithstanding the RFC determination, can still perform his past relevant work, he is deemed not to be disabled. If the claimant cannot perform his past relevant work, the

Commissioner then proceeds to Step Five to determine if there is other available "work which exists in significant numbers either in the region where [the claimant] lives or in several regions of the country" he can perform in light of the RFC determination. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(a)(4)(v). At Step Five, the burden shifts to the Commissioner to "show that the claimant retains the capacity to perform an alternative work activity and that this specific type of job exists in the national economy." *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . . treating sources" based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Further, the Commissioner "[g]enerally . . . give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." *Id.* § 404.1527(c)(1).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and

-4-

extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996).

## Factual Background

Plaintiff's medical record documents a long history of pancreatitis ultimately resulting in a pancreatectomy with autoislet cell transplantation being performed in September 2009 at the Medical University of South Carolina ("MUSC"). Her treating physician throughout her surgery and post operative management has been Dr. Katherine A. Morgan, a board certified surgeon and Assistant Professor of Surgery at MUSC who specializes in pancreatic surgery. *See* http://academicdepartments.musc.edu/surgery/divisions/gi/faculty/morgan_bio.htm. In conjunction with Plaintiff's application for disability benefits, Dr. Morgan completed a document titled "Chronic Pancreatitis Medical Assessment Form" that addressed her patient's present medical status and likely ability to sustain effort through a normal workday. Dr. Morgan opined that Plaintiff would need at least six unscheduled bathroom breaks in a typical eight-hour workday, six additional breaks at unpredictable intervals during the workday, and would also likely be absent more than four days per month. Tr. 711-13. Such limitations on Plaintiff's work performance, if accurate, would certainly render her disabled. Tr. 42-44.

The Administrative Law Judge ("ALJ") accorded "significant weight" to the opinions of Dr. Morgan except for her opinions related to Plaintiff's need for breaks during the workday and likely absences. Tr. 64. The ALJ, without further elaboration, stated that these opinions of Dr.

Morgan "are not supported by the evidence of record" and referenced certain medical records totaling nearly 150 pages. *Id.* The ALJ went on to find that Plaintiff was not disabled because she retained the residual functional capacity for sedentary work. Tr. 59-64. Following an appeal of this matter to this Court and referral for pre-trial handling to the Magistrate Judge, the Magistrate Judge issued a Report and Recommendation recommending the reversal of the Commissioner's decision because of the failure to comply with the Treating Physician Rule. (Dkt. No. 22 at 6-10).

The Treating Physician Rule provides a level of deference to the opinions of a claimant's treating physicians and mandates that the opinions of a treating physician will be considered in light of a specific set of standards. These include such factors as the physician's examining relationship with the claimant, treatment history, consistency of opinion, supportability in the record, and whether the treating physician is a specialist. 20 C.F.R. § 404.1527(c)(1)-(6). The regulation expressly provides that greater weight will generally be given to those physicians with an extensive examining and treating relationship with the patient and those physicians who offer opinions in the area of their specialty. *Id.* § 404.1527(c)(1),(2),(5).

In this matter, the ALJ summarily dismissed the opinion of Dr. Morgan, a highly specialized treating physician with a long treatment and examination history with the claimant, without any reference to the standards set forth under the Treating Physician Rule. From this administrative decision, the Court cannot determine whether the ALJ considered the factors mandated by the Treating Physician Rule or whether his findings regarding such factors are supported by substantial evidence. Therefore, the Magistrate Judge's Report and Recommendation was correct in reversing this decision and remanding the matter to the agency

to evaluate Dr. Morgan's opinions in light of the Treating Physician Rule.

This Court was also troubled by the manner in which the ALJ addressed the testimony of Plaintiff that she had been restricted from work by Dr. Morgan. The ALJ questioned Plaintiff's credibility because this alleged restriction from work was not documented in Dr. Morgan's medical records. Tr. 60, 63. One might discern from Dr. Morgan's opinions on the Chronic Pancreatitis Medical Assessment Form that Dr. Morgan may well have placed such a restriction on Plaintiff returning to work. Tr. 711-713. This potentially significant point could have easily been clarified by the ALJ recontacting Dr. Morgan and asking her whether she had placed such a work restriction on Plaintiff.

On remand, the ALJ is directed to contact Dr. Morgan and determine whether she had placed a permanent work restriction on Plaintiff. 20 C.F.R. § 404.1512(e)(1).[1] The ALJ would also be well advised to request that Dr. Morgan address more fully her opinions regarding the Plaintiff's need for breaks during the workday and likely absences. Dr. Morgan obviously has significant experience and knowledge regarding the long term consequences of a patient living without a pancreas, and the ALJ should be very deliberate in rejecting the opinion of a treating specialist on such a complex medical issue. This is particularly true where, as here, no other physician has addressed the issue in the record and none of the non-examining chart reviewers

---

[1] This regulation was modified on February 23, 2012, and the requirement of the adjudicator to contact the treating physician was removed. 77 Fed. Reg. 10651 (Feb. 23, 2012). This modification occurred after Plaintiff's claim was filed and the administrative hearing was conducted, and this regulation remains binding on the Commissioner in this matter. Further, the Commissioner made clear that despite the removal of the universal requirement of contacting the treating physician to clarify unclear matters in the record, "we would still expect adjudicators to recontact a person's medical source" when "recontact is the most effective and efficient way to resolve an inconsistency or sufficiency." *Id.*

upon whom the ALJ appears to rely have any documented expertise regarding managing post surgical complications of a pancreatectomy.

## Conclusion

Based on the foregoing, the Court hereby **ADOPTS** the Report and Recommendation of the Magistrate Judge as the order of this court, **REVERSES** the decision of the Commissioner, pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the Commissioner with the direction to recontact Plaintiff's treating physician as set forth in this order.[2]

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

January 21, 2014
Charleston, South Carolina

---

[2] In the course of this appeal, Plaintiff became fifty years of age on June 29, 2013. The record is silent regarding whether Plaintiff has been deemed disabled as of her fiftieth birthday in light of the ALJ's prior finding that she is limited to sedentary work. Tr. 59. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 201(g), 201.12. If Plaintiff has not already been deemed disabled, this matter should be addressed by the ALJ on remand.

-8-